IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-649-WKW-GMB |
| ) | |
| BEASLEY ALLEN, P.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3). For good cause, the Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice for failure to prosecute.

### I.  BACKGROUND

On September 8, 2015, Plaintiff Ronald Satish Emrit initiated this action against Defendants Beasley Allen, P.C.; Davis & Crump, P.C.; and Johnson & Johnson, Inc. (Doc. 1). Also on September 8, 2015, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), triggering this court's review prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]  On December 21, 2015, Plaintiff filed a Notice

---

[1] This statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

of Appeal (Doc. 5), which was denied by the United States Court of Appeals for the Eleventh Circuit on February 29, 2016. Doc. 8.

Upon the court's review of the complaint in this case, the court noted a potential deficiency in the jurisdictional allegations regarding diversity jurisdiction. As a result, by Order of May 10, 2016 the court reminded Plaintiff that pursuant to 28 U.S.C. § 1332(c)(1) "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Doc. 9. The court noted that Plaintiff's Complaint (Doc. 1) alleged the principal place of business for each defendant but did not provide the state of incorporation for each defendant. Doc. 9. Accordingly, the court ordered Plaintiff to "file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) to allege the state of incorporation for each defendant" on or before May 24, 2016. Doc. 9. The court specifically cautioned Plaintiff "that his failure to file an Amended Complaint within this time period will be treated as an abandonment of this action and may result in the dismissal of all claims in this action." Doc. 9. On May 27, 2016, the court's order (Doc. 9) was returned as undeliverable with the United States Postal Service notation, "returned to sender-attempted-not known, unable to forward."

## II. DISCUSSION

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). As the Supreme Court recognized in *Link v. Wabash Ry.*

*Co.,* 370 U.S. 626, 629–30 (1962), "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir. 1988)).

Mindful of the caution that attends the dismissal of *pro se* actions, the court nevertheless finds that dismissal of this action is the only appropriate remedy under the circumstances.  Plaintiff has been provided a more-than-reasonable opportunity to prosecute this action.  He was given a deadline of May 27, 2016 to respond to the court's Order regarding his jurisdictional allegations, but to date has failed to do so.  The court's attempt to communicate with him has failed, and he has not provided updated contact information to the court.  The administration of this case simply cannot proceed while Plaintiff's whereabouts are unknown and he is unreachable by the court.  As a result, the court recommends this case be dismissed without prejudice.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED, without prejudice, for failure to prosecute.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation **on or before June 21, 2016**.[2] Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 7th day of June, 2016.

                                                /s/ Gray M. Borden
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, the undersigned will withdraw this recommendation if, no later than June 21, 2016, Plaintiff has updated his address with the court and complied with the court's Order of May 10, 2016.